UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:19-CV-24745-RNS/Torres

A.D.,

    Plaintiff,

vs.

MIAMI DADE COLLEGE,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant, MIAMI DADE COLLEGE ("MDC"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12 and Southern District of Florida Local Rule 7.1, hereby files this Motion to Dismiss and Incorporated Memorandum of Law, and states:

1. This is a purported disability discrimination action arising from Plaintiff allegedly being denied appropriate testing accommodations and otherwise being discriminated against on the basis of his disability while a student at MDC. Plaintiff has filed a two (2) count Complaint against MDC alleging violations of Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("RA"). The Complaint is both legally and factually deficient and is subject to dismissal for failure to state a claim as a matter of law.

2. As a preliminary matter, Florida law requires that in order to pursue a cause of action against a Florida College System institution, such as MDC, the proper party to the action is the Board of Trustees. The Board of Trustees is the public body corporate with the power to sue and be sued. Fla. Stat. § 1001.63. By failing to properly name The District Board of Trustees of Miami Dade College, Florida to this suit, Plaintiff has sued a non-existent entity and the

Complaint is subject to dismissal for failing to name the proper party. *See e.g.*, *Hankins v. Dean of Comms., Valencia College*, 2012 WL 7050630 at *1–2 (M.D. Fla. 2012); *O'Hara v. Univ. of West Florida*, 2008 WL 4833104 at *6 (N.D. Fla. 2008); *U.S. Equal Emp't Opportunity Comm'n v. Fla. Gulf Coast Univ.*, 2007 WL 2077577, at *2 (M.D. Fla. 2007).

3. In addition to failing to name a proper defendant, Plaintiff has improperly identified himself on the face of the Complaint as "A.D." Plaintiff has not been given permission from the Court to proceed under his initials rather than his full legal name, nor has he included in the Complaint any allegations that suggest such permission would be warranted. *See Doe v. Vero Beach,* 2019 WL 4277045 at *2 (S.D. Fla. Sep. 10, 2019). The Complaint states plaintiff is currently enrolled as a student at Miami Dade College, but does not allege, for example, that he is a minor under the age of 18. Plaintiff has therefore failed to properly name either party to this suit and the Complaint should be dismissed accordingly. *See* Fed. R. Civ. P. 10(a); *see also Doe v. Swearingen,* 2091 WL 95548 at *2 (S.D. Fla. Jan. 3, 2019) ("proceeding anonymously is an exceptional circumstance, as there is a heavy presumption favoring openness and transparency in judicial proceedings").

4. The Complaint also fails to state a cause of action under either the RA or Title II of the ADA. Plaintiff has arguably claimed that he is both disabled and qualified for certain testing accommodations while a student at MDC. [D.E. 1 ¶¶ 3, 14]. However, the Complaint does not demonstrate that Plaintiff was denied these accommodations or excluded from benefits as required to make a showing of discrimination based on his disability. *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1083 (11th Cir. 2007); *see also Silberman v. Miami Dade Transit,* 927 F.3d 1123 (11th Cir. 2019) (analyzing RA and ADA claims under the same legal framework). In fact, Plaintiff fails to establish any causation whatsoever between MDC's alleged acts and/or

omissions and the alleged injuries "by reason of his disability". *See American Ass'n of People with Disabilities v. Harris*, 647 F.3d 1093, 1101 (11th Cir. 2011). The Complaint specifically supports the fact that Plaintiff voluntarily withdrew from the course after he was provided the accommodation of the quiz being available like in the previous instance as alleged. A.D. was also specifically provided with the alternative to take the course over with another professor. Moreover, Plaintiff initiated the discussion with the Professor during class in front of other students.

5.      Because Plaintiff is partially or wholly responsible for the circumstances that occurred based on the four corners of the Complaint, the prima facie case under ADA fails. *Wilf v. Bd. of Regents of the Univ. Sys. of Georgia*, 109CV01877RLVGGB, 2012 WL 12888680, at *22 (N.D. Ga. Oct. 15, 2012), *report and recommendation adopted,* 1:09-CV-1877-RLV, 2013 WL 12156401 (N.D. Ga. Feb. 21, 2013), *aff'd,* 544 Fed. Appx. 906 (11th Cir. 2013). Failure to satisfy Title II's causation requirement necessarily means that Plaintiff has also failed to satisfy the Rehabilitation Act's more stringent ("solely by reason of") causation requirement. *Id. citing Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1212 n.6 (11th Cir. 2008). The Complaint must be dismissed in its entirety for failure to state a cause of action.

## MEMORANDUM OF LAW

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant may move to dismiss a complaint for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a defendant's motion to dismiss under Rule

12(b)(6), a plaintiff's complaint must contain enough factual allegations to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. The facts found in the complaint must "state a claim to relief that is plausible on its face." *Id*.

This pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court's holding in *Ashcroft v. Iqbal* requires the trial courts to "identify allegations of the complaint that because of their conclusory nature are not entitled to the assumption of truth." *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1238 (S.D. Fla. 2013) (citing *Ashcroft*, 556 U.S. 662). Allegations "full of self-serving hyperbole, personal attacks, and formulaic, implausible conclusions" must be disregarded. *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1224 (S.D. Fla. 2013).

**I.     PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO NAME A PROPER DEFENDANT**

When suing a Florida College System institution, the proper entity to sue is the District Board of Trustees of that institution. Under Florida law, a Florida College System institution is not endowed with a separate corporate existence, or with the authority to be sued in its own name. Those characteristics are bestowed upon the District Board of Trustees. Fla. Stat. § 1001.63 Consequently, each Florida College System institution's District Board of Trustees "is constituted a body corporate by the name of "The District Board of Trustees of (name of Florida College System institution), Florida… with all the powers and duties of a body corporate, including the power… to sue or be sued… In all suits against a board of trustees, service of process shall be made on the chair of the board of trustees or, in the absence of the chair, the corporate secretary or designee of the chair." Fla. Stat. § 1001.63.

Under Federal Rule of Civil Procedure 4(j)(2), proper notice is provided to a state created government agency when the plaintiff provides a copy of the summons and complaint in the

manner prescribed by state law. *See Cornwall v. Miami-Dade County Corr. & Rehab. Dept.*, 2011 WL 3878352 (S.D. Fla. 2011). Because the summons was addressed to, and the Complaint named, District Trustees of Miami-Dade College, instead of The District Board of Trustees of Miami Dade College, Florida, the Complaint must be dismissed under Fed. R. Civ. P. 12(b)(4) due to insufficient process. *See e.g.*, *Miller v. United States*, 2011 WL 1750442 (N.D. Fla. 2011). Since the Plaintiff has failed to perfect valid service of process, this court lacks jurisdiction to render judgment and should dismiss the Complaint. *In re Worldwide Web Systems, Inc.,* 328 F.3d 1291, 1299 (11th Cir. 2008).

Without suing a legitimate entity, the Plaintiff has failed to perfect service of process or state a cause of action upon which relief may be granted and the Complaint must be dismissed. *See e.g.*, *Hankins v. Dean of Comms., Valencia College*, 2012 WL 7050630 at *1–2 (M.D. Fla. 2012) (finding insufficiency of process against college and granting dismissal of case because plaintiff failed to name college's board of trustees, which was proper defendant to suit); *O'Hara v. Univ. of West Florida*, 2008 WL 4833104 at *6 (N.D. Fla. 2008) (granting defendant's motion to dismiss because university's board of trustees was not named as defendant); *U.S. Equal Emp't Opportunity Comm'n  v. Fla. Gulf Coast Univ.*, 2007 WL 2077577, at *2 (M.D. Fla. 2007) (dismissing action against Florida Gulf Coast University on basis that complaint did not name proper party).

II. **THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO PROPERLY IDENTIFY THE PLAINTIFF**

Federal Rule of Civil Procedure 10(a) provides that "[t]he title of the complaint must name all the parties". The Eleventh Circuit has found that "[t]his rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir.

1992). There is a strong presumption in favor of a plaintiff proceeding in his own name. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011); *see also Doe v. Swearingen,* 2091 WL 95548 at *2 (S.D. Fla. Jan. 3, 2019) ("proceeding anonymously is an exceptional circumstance, as there is a heavy presumption favoring openness and transparency in judicial proceedings").

In deciding whether a plaintiff should instead be permitted to proceed with an action anonymously, the ultimate test is whether the plaintiff's substantial privacy rights outweigh the general openness of judicial proceedings. *Frank,* 951 F.2d at 323 (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). The Eleventh Circuit has enumerated the following six factors that should generally be considered during this determination:

> (1) whether plaintiff seeking anonymity is challenging governmental activity; (2) whether he will be required to disclose information of the utmost intimacy; (3) whether plaintiff will be compelled to admit his intention to engage in illegal conduct and thus risk criminal prosecution; (4) whether the plaintiff is a minor; (5) whether he has been threatened with violence or physical harm by proceeding in his own names and; (6) whether his anonymity posed a unique threat of fundamental unfairness to the defendant.

*Doe v. Vero Beach,* 2019 WL 4277045 at *2 (S.D. Fla. Sep. 10, 2019) (citing *Frank,* 951 F.3d at 323).

No motion or petition of any sort has been presented to the Court by Plaintiff seeking permission to proceed under the initials "A.D." rather than under his full legal name. Further, the Complaint fails to present any basis for proceeding anonymously and it is evident from the allegations of the Complaint that none of the above factors apply. Plaintiff has therefore improperly filed the Complaint under "A.D." and dismissal is appropriate.

### III.   **PLAINTIFF'S CLAIMS UNDER THE REHABILITATION ACT AND TITLE II OF THE ADA FAIL TO STATE A CAUSE OF ACTION**

"Disability discrimination claims under the ADA and Section 504 are subject to a similar legal analysis…because both statutes are generally construed to impose the same legal requirements." *Forbes v. St. Thomas University, Inc.,* 768 F.Supp.2d 1222, 1227 (S.D. Fla. 2010) (citing *Wilbourne v. Forsyth County Sch. Dist.,* 306 Fed.Appx. 473, 476 (11th Cir. 2009); *Silberman v. Miami Dade Transit,* 927 F.3d 1123, 1133 (11th Cir. 2019) ("Given the textual similarities between the two statutes, the same standards govern claims under both, and we rel[y] on cases construing [Title II and § 504] interchangeably" (citing *T.W. ex rel. Wilson v. Sch. Bd. Of Seminole Cty., Fla.,* 610 F.3d 588, 604 (11th Cir. 2010)). In general, a plaintiff seeking recovery for violation of either statute must allege that (1) he is a qualified individual with a disability; (2) he was denied benefits of or excluded from participation in a public service, program, or activity, or was otherwise discriminated against; and (3) the denial, exclusion, and/or other discrimination was on the basis of his disability. *Silberman,* 927 F.3d at 1134 (citing *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1083 (11th Cir. 2007)).

The Complaint fails to demonstrate that Plaintiff has been denied access to a service, program, or activity on the basis of his purported disability and is entirely absent of any showing of causation. As alleged by Plaintiff, MDC approved him for reasonable testing accommodations through the ACCESS Disability Services department. [D.E. # 1 ¶ 14]. Plaintiff alleges, however, that the purported denial of these accommodations began in a course taught by Professor Chin Kuo in Summer 2019. [D.E. # 1 ¶ 18]. Professor Kuo controlled access to online quizzes which were available to students through an online portal called Blackboard. [D.E. # 1 ¶ 20]. Plaintiff claims that Professor Kuo refused to allow him access to the first quiz for the course so that he could take it at MDC's testing accommodation center. [D.E. # 1 ¶ 21]. However, Plaintiff later concedes that Professor Kuo did eventually open the first quiz so that Plaintiff could take it under

the requested accommodations at the testing center. [D.E. 1 ¶¶ 25-26]. With respect to the second quiz, Plaintiff claims that he told Professor Kuo about his inability to access it, but that Professor Kuo insisted he had made the quiz available. [D.E. # 1 ¶ 28]. There are no further allegations indicating that Professor Kuo failed to fix the issue or continued to deny Plaintiff access to the second quiz. The Complaint fails to state whether or not Plaintiff ever took the second quiz.

Plaintiff then alleges that he notified and attempted to meet with Carlos Cabrera, Chairman of MDC's Science and Technology Department, to discuss the issues relating to Professor Kuo, but that the scheduled meeting was missed. [D.E. # 1 ¶¶ 32-35]. Absent from the Complaint, however, are any allegations indicating Plaintiff's actions following the missed meeting other than a conversation with Mr. Cabrera in which he "advised" Plaintiff to take the class with a different professor. [D.E. # 1 ¶ 39]. Plaintiff eventually voluntarily withdrew from the class with Professor Kuo. [D.E. # 1 ¶ 40]. There are no allegations claiming that this withdraw was mandated by MDC; Plaintiff merely contends, without any sufficient showing of causation or in a conclusory manner, that it was a "result of the discrimination". *Id.*

Plaintiff has also claimed that he was otherwise discriminated against when Professor Kuo allegedly made insulting statements to or about Plaintiff in front of other students. [D.E. # 1 ¶ 30]. However, the allegations of the Complaint illustrate that Plaintiff voluntarily approached Professor Kuo in front of his classmates to discuss his testing accommodations. [D.E. # 1 ¶¶ 21, 23]. There are no allegations that Professor Kuo intentionally made statements in front of others, and Plaintiff arguably could have initiated his conversation with Professor Kuo in a more private setting.

The Complaint ultimately lacks any factual allegations showing that Plaintiff was denied an opportunity to take Professor Kuo's quizzes, nor are there any allegations establishing

causation between Plaintiff's alleged harm and any actions by MDC. Plaintiff was not required to withdraw from Professor Kuo's course because of his disability, nor was he intentionally discriminated against in any other way. The Complaint supports that he was offered the opportunity to take the course with another professor—nothing implies that MDC dropped him from the course or that he had received a lower grade because accommodations were not provided. All alleged harm suffered by Plaintiff resulted from his own voluntary actions and not from any purported acts or omissions of MDC.

The Complaint must be dismissed for failure to state a *prima facie* claim of disability discrimination. *See Lane v. Hillsborough Cty. Hosp. Auth.,* No. 95-2028-CIV-T-17C, 1997 WL 394897, at *8 (M.D. Fla. July 10, 1997) (dismissing Plaintiff's ADA discrimination claim where *prima facie* case was not established); *Andrews v. City of Hartford*, 15-CV-00684-BJR-SRW, 2016 WL 4154685, at *4 (M.D. Ala. Aug. 3, 2016), aff'd, 700 Fed. Appx. 924 (11th Cir. 2017) (dismissing with prejudice Plaintiff's claim of disability discrimination for failure to establish a *prima facie* case). In a similar student-related matter involving claims under ADA and RA, judgment as a matter of law was granted in favor of the defendant university. *Wilf v. Bd. of Regents of the Univ. Sys. of Georgia*, 109CV01877RLVGGB, 2012 WL 12888680, at *22 (N.D. Ga. Oct. 15, 2012), *report and recommendation adopted,* 1:09-CV-1877-RLV, 2013 WL 12156401 (N.D. Ga. Feb. 21, 2013), *aff'd,* 544 Fed. Appx. 906 (11th Cir. 2013). In *Wilf*, the student made various requests for lecture outlines and while alternatives were provided as part of the interactive process, the student did not sit for the exams simply demanding that the university capitulate and provide the request. *Id.* at *21.  Similarly, as the allegations suggest, MDC made efforts to communicate that the accommodations were in place, as conceded by Plaintiff on a prior quiz, and an alternative to take the course with another professor was provided. *Id.*

*citing Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286-87 (11th Cir. 1997) (holding that summary judgment was appropriate where employee failed to engage in interactive process after employer offered accommodations).

This simply does not permit an ADA claim to follow as a result of the interactive process initiated by MDC.[1] Failure to satisfy Title II's causation requirement necessarily means that Plaintiff has also failed to satisfy the Rehabilitation Act's more stringent ("solely by reason of") causation requirement. *Id. citing Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1212 n.6 (11th Cir. 2008). The Complaint must be dismissed in its entirety for failure to state a cause of action. Because Plaintiff either wholly or partially is responsible for the circumstances that arose, the discrimination case fails. Dismissal should be granted on all counts.

WHEREFORE, MIAMI DADE COLLEGE, respectfully requests this Court grant its motion to dismiss and any other relief it deems appropriate.

I hereby certify that on this 9th day of January, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing

---

[1] Interestingly missing from the Complaint, are any allegations related to the interactive process involving Plaintiff's mother in the 2019 Summer semester and the various requests for information by MDC to assist Plaintiff which remain unanswered.

generated by CM/ECF or in some other authorized manner for those counsel or parties who are

not authorized to receive electronically Notices of Electronic Filing.

                           MARRERO & WYDLER
                           *Attorneys for Defendant Miami Dade College*
                           2600 Douglas Road, PH-4
                           Coral Gables, FL 33134
                           (305) 446-5528
                           (305) 446-0995 (fax)


BY __/s/ Lourdes Espino Wydler_____
      OSCAR E. MARRERO
      F.B.N.:  372714
      oem@marrerolegal.com
      LOURDES ESPINO WYDLER
      F.B.N.:  719811
      lew@marrerolegal.com


## SERVICE LIST

Iva U. Ravindran, Esq.
iravindran@weillawfirm.net
FBN: 60447
Ronald P Weil, Esq.
rweil@weillawfirm.net
FBN: 169966
WEIL SNYDER & RAVINDRAN, P.A.
201 South Biscayne Blvd., Suite 720
Miami, FL 33131
(305) 372-5352
(305) 372-5355 (fax)
*Attorneys for Plaintiff*