**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:19-CV-24745-RNS/Torres**

ADRIAN DOMINGUEZ,

      Plaintiff,

vs.

THE DISTRICT BOARD OF TRUSTEES
OF MIAMI DADE COLLEGE,

      Defendant.
_____/

**AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff ADRIAN DOMINGUEZ ("Plaintiff") sues Defendant, THE DISTRICT BOARD OF TRUSTEES OF MIAMI DADE COLLEGE ("Defendant") for violation of Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 arising from Defendant's unlawful discriminatory treatment of Plaintiff and alleges the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff DOMINGUEZ is *sui juris*, and during all material times was enrolled as a student at Miami Dade College, and resides within the Southern District of Florida.

2. He is a qualified individual with a disability under and as defined by federal law, Title II of the ADA, and Section 504 of the Rehabilitation Act.

3. As a result of a motor vehicle accident on April 2018, Plaintiff was hospitalized for three months, suffered multiple strokes and seizures, and has been diagnosed with cognitive

impairment. Also, as a result of his accident, Plaintiff's ability to walk is impaired, and he walks with the assistance of a cane

4. As a result of his disability, Plaintiff requires accommodations, such as additional time for completion of tests and assignments and testing in a semi-private environment.

5. Such accommodations are considered reasonable under the ADA.

6. The District Board of Trustees of Miami Dade College is the public body with the authority to govern Miami Dade College and to be sued and sue on its behalf. Fla. Stat. §§ 1001.74; 1001.63. Miami Dade College is a public university with campus locations throughout the state of Florida that receives federal funds for its operations. Its main campus is located at 300 NE 2nd Ave, Miami, FL.

7. Miami Dade College is a "public entity" within the meaning of Title II of the ADA and a recipient of federal funds for the purposes of Section 504 of the Rehabilitation Act and is subject to the provisions of the ADA and the Rehabilitation Act.

8. Plaintiff has or is not required to exhaust any administrative procedures as a condition of bringing this action.

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff sues Defendant under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131-12134 and further under the Section 504 of the Rehabilitation Act of 1973.

10. Venue is proper in this Court under 28 U.S.C. § 1391, because Defendant resides in, and all or a substantial part of the events and omissions giving rise to this action occurred at Defendant's Kendall campus, 11011 SW 104th St, Miami, FL 33176, within the Southern District of Florida.

## FACTS

11. Plaintiff had attended classes at Miami Dade College in prior years and re-applied in the Spring of 2019 after his accident and began to take classes again in the Summer of 2019, studying toward an Associate in Arts degree in Hospitality.

12. As a part of his course of study, Plaintiff must take and pass Introduction to Computer Technology and Applications ("CGS 1060").

13. Plaintiff enrolled in CGS 1060 with Professor Chin Kuo for the summer semester beginning May 14, 2019 to fulfill this requirement.

14. Prior to Plaintiff's enrollment in CGS 1060, he was registered with the ACCESS Disability Services department ("ACCESS") at Miami Dade College and, due to his disability, was deemed eligible to receive double time on exams and quizzes and to use a digital recorder to record lectures.

15. To obtain this eligibility, Plaintiff provided to ACCESS medical records documenting both his neurological condition and the recommended accommodations in academic settings as set forth by the treating neuropsychologist.

16. Once his eligibility was determined by ACCESS, Plaintiff provided a faculty letter explaining his eligibility and the approved accommodations to Professor Kuo prior to the first class.

17. Plaintiff also provided Professor Kuo a referral to the Testing and Assessment Center (the "TAC") at Miami Dade College Kendall Campus, where students eligible to receive additional time on exams and quizzes, among other accommodations, take their exams.

18. While Plaintiff was enrolled in CGS 1060, he had multiple discussions with

Professor Kuo about the accommodations he required for the class. On each occasion where Plaintiff requested such an accommodation, Professor Kuo denied and/or intentionally delayed providing these accommodations so that Plaintiff was forced to plead with his professor in front of his class.

19. For example, on two occasions Plaintiff was required to take tests for Professor Kuo's class that he should have been permitted to take at the TAC with double the regular amount of time allotted, while his classmates were taking the quizzes on computers in class.

20. The professor controlled access to the tests through Blackboard, an online education program, and needed to "open up" the test for a student to access it.

21. When Plaintiff asked Professor Kuo to make the first test available to him at the TAC so Plaintiff could take it with additional time, Professor Kuo refused and responded loudly so that Plaintiff's classmates could hear that Plaintiff did not look like his other students who get special accommodations and that he should take the test in the classroom with the other students.

22. Professor Kuo insinuated not just that Plaintiff was lying about his need for reasonable accommodations, but also that a person with a disability has a distinguishable look.

23. Plaintiff's classmates could hear this conversation. Plaintiff was humiliated.

24. Plaintiff pleaded with Professor Kuo in front of the class to open up the test for him. The spectacle of Plaintiff begging his professor to allow him to take his test under the circumstances to which he was entitled became so uncomfortable for Plaintiff to participate in, and for his peers to watch, that other students spoke up in defense of Plaintiff.

25. It took Plaintiff three separate trips, walking from the TAC to the classroom, to finally convince Professor Kuo to grant Plaintiff access to the test.

26. Once Plaintiff was situated in the testing center with access to the test, he was so

mentally and physically exhausted from dealing with Professor Kuo's discriminatory obstacles that he could no longer properly focus and failed the test.

27.Weeks later, when Plaintiff went to take the second test at the TAC, he was unable to access it, as Professor Kuo had not opened it for Plaintiff.

28.The next day, Plaintiff spoke to Professor Kuo about the professor's refusal to grant Plaintiff access to the test; Professor Kuo insisted that he had made it available. Plaintiff walked to the TAC and documented by photo the screen showing that the test was not opened for Plaintiff.

29.On a number of other occasions, Professor Kuo refused to open the quizzes for Plaintiff on time.  On several such occasions, Plaintiff had to walk back and forth from Professor Kuo's classroom to the TAC and the ACCESS center to convince Professor Kuo to eventually open up tests and quizzes. He would have to stop often and rest to catch his breath.

30.Professor Kuo intentionally delayed providing access to Plaintiff for his tests and quizzes, opening them up only after Plaintiff was forced to take multiple trips between Professor Kuo's classroom and the TAC and the ACCESS center to see if the test or quiz was open, and when it was not, to plead with the professor to open it.

31.Professor Kuo's discriminatory actions were not limited to refusal to allow Plaintiff to take his quizzes and tests at the TAC, accommodations that were not costly, time-consuming, or complicated.  He also insulted Plaintiff for his disability in front of Plaintiff's classmates.

32.Professor Kuo remarked that a student will say that the computer is broken, but it is in fact his brain that is broken, a remark directed at Plaintiff.

33.Plaintiff notified school officials, including the Chairman of the Science and

Technology Department, Carlos Cabrera, of Professor Kuo's refusal to provide the accommodations for which Plaintiff had been approved by ACCESS.

34. In response to Plaintiff's request that the school take action, Chairman Cabrera told Plaintiff to come by his office at a specific time before the class and "pick him up" so they could walk over together to speak with the professor about the incident.

35. Even though the accident permanently impaired Plaintiff's walking such that he requires the assistance of a cane, and even though Plaintiff found the prospect of confronting his professor for yet another time highly stressful and humiliating, he agreed.

36. When Plaintiff arrived at Chairman Cabrera's office at the time he was instructed, Plaintiff was told that Chairman Cabrera was unavailable.

37. After the missed meeting, neither Chairman Cabrera nor anyone in Miami Dade College's administration initiated contact with Plaintiff to attempt to remedy the unlawful denial of Plaintiff's accommodations and Professor Kuo's insults/harassment.

38. Despite Chairman Cabrera acknowledging to Plaintiff that Plaintiff was entitled to the accommodations that Professor Kuo withheld, Professor Kuo was never admonished by Miami Dade College's administration for denying Plaintiff his reasonable accommodations, nor did Miami Dade College take steps to bring Professor Kuo's practices in line with the law.

39. Chairman Cabrera and Professor Kuo had the power to take corrective actions to redress the denial of accommodations to Plaintiff.

40. When Plaintiff reached out to Chairman Cabrera following Chairman Cabrera's missed appointment with Plaintiff, Chairman Cabrera advised Plaintiff to take the class another semester with a different professor.

41. As a result of the discrimination, Plaintiff became so afraid and nervous to speak

with Professor Kuo, and he worried about what Professor Kuo would say to him to humiliate him that it became impossible for Plaintiff to concentrate in the class. Plaintiff was forced to withdraw from Professor Kuo's class and will be required to repeat the class before graduating.

42. Plaintiff forfeited his tuition for the withdrawn class and his graduation will be delayed due to his inability to complete this mandatory class and not being able to complete other mandatory classes due to not first completing Professor Kuo's required class.

43. As a result of the discrimination, Plaintiff suffered anxiety, a panic attack, humiliation, and embarrassment. Plaintiff's harm is permanent.

44. But for Defendant's discrimination and deliberate indifference to Plaintiff's need for accommodations, Plaintiff would have enrolled in Miami Dade Collage in the Fall 2019 and Spring 2020 semesters.

45. Plaintiff has not completed his Associate in Arts degree and intends to enroll in Miami Dade College to complete his degree as long as Defendant does not permit him to be ridiculed and humiliated, as well as denied his reasonable accommodations, because of his disability.

## COUNT I
## Violation of Title II of the Americans with Disabilities Act of 1990
**(42 U.S.C. 12101, *et seq.*)**

46. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 45 as if fully set forth herein.

47. As a student of Miami Dade College who also has a recognized disability under 42 U.S.C. § 12131, Plaintiff is to be protected against discrimination based on his disability; "no qualified individual with a disability shall, by reason of such disability, be excluded from

participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."

48. Title II requires that States and their actors take "reasonable measures to remove barriers to access…" for disabled individuals. *Nat'l Ass'n of the Deaf v. Florida*, 318 F. Supp. 3d 1338, 1346 (S.D. Fla. 2018).

49. Defendant discriminated against Plaintiff by denying his requests for reasonable accommodations for test taking on multiple occasions, when such accommodations were needed due to a disability that was well-documented and known by Defendant and for which Plaintiff was already found to be eligible by ACCESS.

50. Defendant discriminated against Plaintiff by insulting him in front of his classmates on multiple occasions due to his disability.

51. Defendant's faculty and administration responded to the violation of ADA accommodations in a manner clearly unreasonable and can be said to have been deliberately indifferent.

52. Defendant's policies, procedures, or practices granting professors the discretion to deny reasonable accommodations run afoul of 28 C.F.R. §35.130(b)(7) requiring a public entity to implement reasonable accommodations when such modification would be necessary to avoid discrimination based on a disability.

53. As set forth above, Plaintiff has been discriminated against by Defendant due to his disability because Defendant intentionally failed to permit Plaintiff certain accommodations and by insulting Plaintiff for his disability in front of Plaintiff's classmates.

54. Defendant intentionally discriminated against him in violation of 42 U.S.C. §12132, and Plaintiff's damages are a proximate result of such discrimination.

55. As a result of the discrimination, Plaintiff has suffered and continues to suffer emotional damages, including pain and suffering, anguish, and humiliation, as well as a panic attack and increased anxiety.

### COUNT II
### Violation of Section 504 of the Rehabilitation Act of 1973
### (29 U.S.C. § 794)

56. Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 55 as if fully set forth herein.

57. By failing to permit Plaintiff the benefit of reasonable accommodations which cost Defendant nothing and by insulting Plaintiff for his disability on multiple occasions in front of his classmates, Defendant intentionally discriminated against Plaintiff on the basis of his disability in violation of 29 U.S.C. § 794.

58. As a result of the discrimination, Plaintiff has suffered and continues to suffer emotional damages, including pain and suffering, anguish, and humiliation, as well as a panic attack and increased anxiety.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. issues a declaratory judgment that Defendant's discriminatory practices towards Plaintiff violated Title II of the ADA and Section 504 of the Rehabilitation Act;

b. issues an injunction directing Defendant to cease its discriminatory practices against Plaintiff;

c. awards Plaintiff damages for emotional harm, pain and suffering, physical harm, and consequences;

d. awards Plaintiff his attorneys' fees and litigation expenses; and

e. grants any other relief that the Court deems just and proper.

WEIL SNYDER & RAVINDRAN, P.A.

Citigroup Center, 201 South Biscayne Blvd., Suite 720, Miami, FL 33131
T: (305) 372-5352   F: (305) 372-5355

## **TRIAL BY JURY**

Plaintiff demands trial by jury on all issues so triable by right.

Dated this 23rd day of January 2020.

           Respectfully submitted,

           **WEIL SNYDER & RAVINDRAN, P.A.**
           201 South Biscayne Boulevard
           Citigroup Center, Suite 720
           Miami, FL  33131
           Telephone:     305.372.5352
           Facsimile:       305.372.5355

           By: /s/ *Iva U. Ravindran*

           Ronald P. Weil (FBN 169966)
           Email: RWeil@weillawfirm.net
           Iva U. Ravindran (FBN 60447)
           Email: IRavindran@weillawfirm.net
           Secondary: Service@weillawfirm.net
           *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that, on January 23, 2020 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system. I further certify that this motion was served on all counsel of record via transmission of the Notice of Electronic Filing generated by the Court's CM/ECF system.

*s/ Iva U. Ravindran*
Iva U. Ravindran

## SERVICE LIST

Lourdes Espino Wydler, Esq.
Oscar E. Marrero, Esq.
Marrero & Wydler
2600 Douglas Road
PH-4
Coral Gables, FL 33134
Oem@marrerolegal.com
lew@marrerolegal.com
*Counsel for Defendant Miami Dade College*